IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BEE LOR,

        Plaintiff,                              No. CIV S-06-0719 DAD

    v.

MICHAEL J. ASTRUE,                    ORDER
Commissioner of Social Security,[1]

        Defendant.
                                  /

        Plaintiff brought this action seeking judicial review of a final administrative decision denying his claims for Social Security disability insurance benefits and Supplemental Security Income. See 42 U.S.C. § 405(g). On October 31, 2006, the court issued an order pursuant to the stipulation of the parties remanding the action for further administrative proceedings. Counsel for plaintiff has filed a motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

        Counsel for plaintiff seeks an award of $12,550.00 for attorney fees and $59.04 for photocopying and postage. Counsel claims 49.8 hours of attorney time at the rate of $250.00

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Mr. Astrue is substituted as defendant in this suit pursuant to 42 U.S.C. § 405(g) and Fed. R. Civ. P. 25(d)(1).

1

per hour. The total number of hours includes 4.6 hours associated with the pending motion for attorney fees. See Love v. Reilly, 924 F.2d 1492, 1497 (9th Cir. 1991) (attorney fees for fee litigation appropriate under the EAJA).

Attorney fees under EAJA are set at the market rate but capped at $125.00 per hour. See Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. § 2412(d)(2)(A)). Nonetheless, plaintiff's counsel seeks to recover attorney fees at a rate greater than $125.00 per hour. Counsel states that $250.00 is his regular hourly rate for legal services, that in Social Security cases he agrees to represent clients on a contingent fee basis of 25 percent of past-due benefits but would otherwise expect to receive more than his regular hourly rate to compensate him for the risk of non-recovery, and that he has received fees comparable to those he seeks here, both in other Social Security cases in court and before the Social Security Administration.[2]

Defendant does not dispute that plaintiff is the prevailing party in this case or that plaintiff's counsel is entitled to reasonable attorney's fees. Defendant does not oppose plaintiff's request for costs. Defendant opposes the pending motion on the grounds that the number of hours claimed is unreasonable and enhancement of the hourly rate is not warranted. Defendant asserts that plaintiff has not demonstrated the presence of any special factor or any basis for an increase due to the cost of living. Defendant also notes a mathematical error in counsel's total: 49.8 hours at the rate of $250.00 per hour is $12,450.00 rather than $12,550.00. Plaintiff has not filed a reply to defendant's opposition.

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). See Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). The phrase

---

[2] In his declaration, counsel states that his hours should be compensated at $175.00 per hour, but this rate is not mentioned elsewhere in the motion, and the amount sought by plaintiff's counsel has been calculated at the $250.00 per hour rate.

"fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." Atkins, 154 F.3d at 987 (quoting 28 U.S.C. §§ 2412(d)(1)(C), 2412(d)(2)(D)). In addition, the prevailing party must apply for attorney fees within thirty days of the final judgment in the action. 28 U.S.C. § 2412(d)(1)(B).

A party who obtains a remand for further proceedings in a social security case is a prevailing party for purposes of the EAJA. Gutierrez v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."). See also Shalala v. Schaefer, 509 U.S. 292, 296-302 (1993) Here, it is undisputed that plaintiff is the prevailing party, that the motion for attorney fees is timely, and that plaintiff did not unduly delay this litigation. Moreover, defendant does not contend that the position of the Commissioner was substantially justified.

With regard to plaintiff's hours, the EAJA expressly provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)A). It has been said that "there is more to deciding what is a 'reasonable' fee than calculating a reasonable expenditure of hours times a reasonable rate." Atkins, 154 F.3d at 989 (citing Hensley v. Eckhart, 461 U.S. 424 (1983)). The court must also consider "'the relationship between the amount of the fee awarded and the results obtained.'" Id. (quoting Hensley, 461 U.S. at 437.)

Here, plaintiff's counsel secured a voluntary remand on behalf of his client following the filing of a motion for summary judgment. Although defendant argues that the claimed 49.8 hours of attorney time is excessive, the undersigned declines to conduct a line-by-line analysis of counsel's billing entries. See McDannel v. Apfel, 78 F. Supp. 2d 944, 954 (S.D. Iowa 1999); Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993). Having carefully reviewed the pending motion, the court finds the claimed 49.8 hours of attorney time a

reasonable amount of attorney time to have expended on this matter.  While some of the issues presented may have been straightforward individually, plaintiff's motion for summary judgment asserted ten separate arguments in support of reversal and remand.  The court is also mindful of the expertise of plaintiff's counsel but nevertheless finds 45.20 hours for work on this case prior to remand and an additional 4.60 hours for work spent on the attorney fees motion comparable to the amount of time devoted to similar tasks by counsel in other social security appeals coming before this court.  The court also appreciates the fact that social security cases are often fact-intensive.  For all of these reasons, the court finds that counsel for plaintiff is entitled to an EAJA fees award for the number of hours requested.

With regard to the hourly rate to be applied to counsel's hours, the court's analysis begins with the statutory provision that "attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).  Plaintiff's counsel has not argued the existence of a special factor, and his motion does not demonstrate the existence of such a factor.  See Pirus v. Bowen, 869 F.2d 536, 541 (9th Cir. 1989) (finding that Congress intended for courts to deviate from the statutory cap only if there was limited availability of attorneys having some distinctive knowledge or specialized skill needful for the litigation in question).  Here, counsel has not requested a cost of living adjustment or submitted the evidence required for determining such an adjustment.[3]  Accordingly, the statutory rate of $125.00 per hour will not be adjusted.  The court will grant attorney fees for 49.8 hours at the hourly rate of $125.00, for an award of $6,225.00 plus costs of $59.04.

---

[3] A cost of living adjustment to the statutory cap is computed by multiplying the basic EAJA rate by the consumer price index for urban consumers ("CPI-U") for the year in which the fees were earned and then dividing the product by the CPI-U in the month that the cap was imposed.  Sorenson v. Mink, 239 F.3d 1140, 1148-49 (9th Cir. 2001).  To compute a cost of living adjustment in this case, CPI-U information for 2006 would be required by the court.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), is granted in part; and

2.  Counsel for plaintiff is awarded $6,225.00 in attorney fees for 49.8 hours at the hourly rate of $125.00, plus costs of $59.04, for a total award of $6,284.04.

DATED: April 6, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/lor0719.attyfees.eaja